**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO ASKINS, THE ASKINS DEVELOPMENT GROUP, LLC, and SHAW HOLDING GROUP LLC,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 4:24-cv-729 |

The United States of America, by the authority of the Attorney General of the United States, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), files this complaint against Orlando Askins ("Askins"), The Askins Development Group, LLC ("Askins Development") and Shaw Holding Group LLC ("Shaw") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief against Defendants, two corporations and their common principal, who have repeatedly violated applicable law and regulations designed to protect the public from lead poisoning while performing renovations in older residential buildings.

2. Lead poisoning, especially in children, can lead to severe health problems. Renovations of residential buildings constructed before 1978, when lead-based paint was widely used, can release large quantities of lead. In 1992, to protect the public health, Congress enacted Title IV of the Toxic Substances Control Act ("TSCA"). EPA promulgated regulations governing the renovation, repair, and painting of residential structures that may contain lead

paint. See 40 C.F.R. Part 745, Subpart E (the "Renovation, Repair, and Painting Rule" or "RRP Rule").

3. Since 2015, Defendants have violated TSCA and the RRP Rule by, among other things, failing to:

a. Obtain firm certification from EPA before commencing a renovation;

b. Assign a certified renovator to each renovation project;

c. Contain, collect, and prevent the escape of lead-based paint dust and debris during and at the conclusion of renovation projects;

d. Post signs clearly defining the work area and warning occupants and other persons not involved in the renovation activities to remain outside the work area; and

e. Permit reasonable entry to or inspection of renovation sites by credentialed EPA inspectors.

4. Defendants' violations have placed the public at risk of exposure to lead-based paint hazards during their renovation work.

5. Defendants continue to disregard TSCA and the RRP Rule to this day, even after EPA served Askins Development with an administrative complaint in October 2019 addressing Defendants' violations during renovation work and obtained a default judgment.

6. The United States brings this action for an order enjoining Defendants from performing further renovation work until they demonstrate compliance with TSCA and the RRP Rule, and a permanent injunction compelling Defendants to comply with TSCA and the RRP Rule in the future that is binding not only on Defendants but also on any corporate entity they may later organize or otherwise form or of which they may become a member or principal.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action and over the Defendants under 28 U.S.C. §§ 1331 and 1345 and Section 17 of TSCA, 15 U.S.C. § 2616.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because the renovation activities giving rise to the United States' claims occurred within this district.

## THE DEFENDANTS

9. Defendant Askins is a person who at all times relevant to this Complaint has done business in St. Louis, Missouri, by purchasing, renovating, and re-selling residential real estate. Askins resides in Anaheim, California.

10. From on or about October 25, 2006, until on or about November 7, 2022, Defendant Askins Development was a limited liability corporation incorporated pursuant to the laws of the State of Missouri, with its principal place of business at 300-B East High St., Jefferson City, MO 65101. Askins Development submitted a Notice of Winding Up and Articles of Termination on or about November 7, 2022, and it ceased to exist under Missouri law the same day.

11. Askins Development continues to the present day to operate and maintain a website advertising its services as a renovation contractor, including of "historical homes" and "dilapidated housing." Askins Development, without a legal corporate form, continues to operate as an alter ego of Askins.

12. Defendant Shaw is a limited liability corporation incorporated pursuant to the laws of the State of Missouri, with its principal place of business at 5753-G Santa Ana Canyon Rd., #602, Anaheim, CA 92807. On or about December 27, 2017, the Missouri Secretary of State administratively cancelled Shaw's certificate of Limited Liability Company for failure to

maintain a registered agent at the address listed on the company's articles of organization. Shaw was reinstated as a Limited Liability Company on or about March 8, 2018, upon the submission of a valid registered agent.

13. Askins is listed as the organizer of Askins Development on its Articles of Organization and is the owner and/or principal of both Askins Development and Shaw.

14. Askins' sister is listed as the organizer of Shaw on its Articles of Organization.

15. Askins, Askins Development, and Shaw have each performed renovations for compensation subject to the RRP Rule in this District.

## STATUTORY FRAMEWORK

16. In 1992, Congress enacted the Residential Lead-Based Paint Hazard Reduction Act "to encourage effective action to prevent childhood lead poisoning by establishing a workable framework for lead-based paint hazard evaluation and reduction;" "to ensure that the existence of lead-based paint hazards are taken into account in the … renovation of homes and apartments;" and "to educate the public concerning the hazards and sources of lead-based paint poisoning and steps to reduce and eliminate such hazards." 42 U.S.C. § 4851a. This Act amended TSCA by adding a new Subchapter IV, entitled "Lead Exposure Reduction," 15 U.S.C. §§ 2681 et seq.

17. EPA has promulgated regulations to implement Subchapter IV of TSCA. The RRP Rule is codified at 40 C.F.R. Part 745, Subpart E. The rule addresses the risk of lead exposure that can occur during property renovations by, among other things, establishing requirements for firms and individuals performing renovations, work practice standards for regulated renovations on Target Housing, and information distribution requirements to owners and occupants of Target Housing so that they know the risks of lead exposure from renovation

activities before work begins. "Target Housing" is "any housing constructed prior to 1978, except housing for the elderly or persons with disabilities (unless any child who is less than 6 years of age resides or is expected to reside in such housing) or any 0-bedroom dwelling." 40 C.F.R. § 745.103.

18. The RRP Rule requires that no firm may perform, offer, or claim to perform, renovations for compensation of Target Housing, unless it is certified by EPA to do so. 40 C.F.R. §§ 745.81(a)(2)(i), 745.89(a)(2)(i). In addition, each renovation project covered by the RRP Rule must be performed and/or directed by an individual who has become a certified renovator by successfully completing renovator training from an accredited training provider. 40 C.F.R. §§ 745.89(d)(2), 745.90(a). The certified renovator is responsible for ensuring compliance with the work practice standards set forth in the regulations and must perform or direct certain critical tasks during the renovation, such as posting warning signs, establishing containment of the work area, and cleaning the work area after the renovation. 40 C.F.R. § 745.90(b).

19. The RRP Rule, at 40 C.F.R. § 745.89(d)(3), requires firms performing renovations to ensure use of the lead-safe work practices specified in Section 745.85, including, but not limited to, the following:

a. Containment of dust and debris during renovations by, among other things, closing doors and windows in the work area, covering doors used as an entrance to the work area with plastic sheeting or other impermeable material, and covering the floor or exterior ground with plastic sheeting or other impermeable material. 40 C.F.R. § 745.85(a)(2).

b. Containment of renovation waste to prevent releases of dust and debris before waste is removed from the work area and at the conclusion of each work day and of the renovation. 40 C.F.R. § 745.85(a)(4).

c. Posting of signs clearly defining the work area and warning occupants and other persons not involved in the renovation to remain outside the work area. 40 C.F.R. § 745.85(a)(1).

d. Elimination of dust, debris or residue present on surfaces in and below the work area, including windowsills and the ground, after work is complete. 40 C.F.R. § 745.85(b)(2).

20. TSCA authorizes EPA inspectors to enter and inspect any renovation of Target Housing, within reasonable limits at reasonable times, upon written notice and the presentation of their credentials. 15 U.S.C. § 2610(a). The RRP Rule prohibits the failure or refusal to permit such entry or inspection. 40 C.F.R. § 745.87(c).

21. The failure or refusal to comply with the RRP Rule is unlawful and is a violation of Section 409 of TSCA, 15 U.S.C. § 2689.

22. Section 17(a) of TSCA, 15 U.S.C. § 2616(a), provides district courts with jurisdiction to restrain any violation of Section 409 and to compel the taking of any action required by or under TSCA.

## GENERAL ALLEGATIONS

23. Defendants are each a "person" and a "firm" as defined in 40 C.F.R. § 745.83.

24. Defendants have performed and Askins and Askins Development currently claim to perform "renovations" for compensation, within the meaning of 40 C.F.R. §§ 745.83 and 745.89(a)(1).

25. EPA has inspected, attempted to inspect, and/or otherwise investigated eight properties under renovation by Defendants in St. Louis, Missouri: 3819-3821 Shaw Blvd (August 2015), 3429 Missouri Ave. (February-March 2016), 3537 California Ave. (May 2021), 3330 Illinois Ave. (March 2023), 3331-3333 Nebraska Ave. (March 2024), 3237 California Ave. (March 2024), 2827 Oregon Ave. (March 2024), and 3330 Iowa Ave. (March-April 2024).

26. 3819-3821 Shaw Blvd was built in 1917, 3429 Missouri Ave. was built in 1879, 3537 California Ave. was built in 1903, 3330 Illinois Ave. was built in 1904, 3331-3333 Nebraska Ave. was built in 1906, 3237 California Ave. was built in 1890, 2827 Oregon Ave. was built in 1884, and 3330 Iowa Ave. was built in 1890. At the time of their renovation, none of these properties were housing for the elderly or persons with disabilities or a 0-bedroom dwelling.

27. Each of these properties is Target Housing. 40 C.F.R. § 745.103.

28. None of the Defendants have ever obtained firm certification from EPA to perform renovations of Target Housing.

**Inspection of 3819-3821 Shaw Blvd.**

29. EPA inspected 3819-3821 Shaw Blvd. on or about August 13, 2015.

30. At the time of the inspection, Defendants Askins and Shaw were performing renovations.

31. Askins met the inspectors and introduced himself as the manager of the project.

32. There was no certified renovator assigned to the renovation.

33. There was no plastic sheeting or other impermeable covering on the ground outside the house.

34. Paint chips, paint dust, and other debris were visible on the bare ground.

35. No signs were posted defining the work area and warning persons not engaged in the renovation to stay out of the work area.

36. The EPA inspectors instructed Askins on lead-safe work practices.

37. EPA followed up the inspection by requesting to negotiate an administrative penalty via letters to Shaw's listed registered agent, Eric Benford, which were returned unclaimed.

38. When EPA located Mr. Benford at his home on or about March 1, 2017, he denied being Shaw's registered agent or even knowing that he had been listed as such. Mr. Benford informed EPA that he had not seen Mr. Askins since working as a handyman for him six years earlier.

39. At the time of Mr. Benford's statement, he was listed as the registered agent for at least thirty-four other Missouri limited liability companies organized by Askins (either under his own name, that of his sister or, in three cases, someone else) that, on information and belief, after a reasonable opportunity for investigation and discovery, perform or performed renovations for compensation of Target Housing.

**Investigation of 3429 Missouri Ave.**

40. In early March 2016, the neighbors of 3429 Missouri Ave. submitted complaints to the City of St. Louis and EPA about the renovations being performed at that address by Askins and Askins Development. As a result, EPA conducted an investigation of 3429 Missouri Ave. on or about March 15, 2016.

41. Defendants had not completed the renovation at the time of EPA's investigation. No signs were posted defining the work area and warning persons not engaged in the renovation

to stay out of the work area. Paint chips were located on the ground around the exterior of the home.

42. There was no certified renovator assigned to the renovation.

43. The EPA inspector interviewed the neighbors who had submitted a complaint to the City and EPA and obtained photos and videos they said they had taken during renovation activities in early March 2016.

44. On or about August 31, 2018, EPA informed Askins that it planned to initiate an administrative enforcement action asserting that Askins Development failed to obtain EPA certification prior to performing renovations on Target Housing and had violated lead-safe work practices of the RRP Rule in connection with its renovation of 3429 Missouri Ave., and invited Askins Development to participate in pre-filing settlement negotiations. Askins Development initially appeared, through counsel, at multiple settlement conferences with EPA. However, Askins Development stopped participating in these negotiations, leading EPA to file a Complaint and Notice of Opportunity for Hearing on September 30, 2019, which it served on Askins Development on October 4, 2019. Askins Development failed to answer the Complaint but, after EPA moved for a default judgment on February 18, 2021, appeared through counsel and filed an opposition to the entry of a default judgment.

45. Askins Development then participated through counsel in multiple conference calls with the presiding EPA judicial officer, leading to the issuance of a scheduling order to govern the exchange of information between the parties.

46. Askins Development did not adhere to the scheduling order, and on May 16, 2022, the EPA judicial officer issued an order to show cause why default should not be entered. Askins failed to respond to this order to show cause.

47. On September 26, 2022, the EPA Regional Judicial Officer issued an Initial Decision and Default Order, rejecting Askins' opposition to default and finding that Askins had violated Section 409 of TSCA, 15 U.S.C. § 2689, by:

a. Failing to apply to the EPA for certification pursuant to 40 C.F.R. § 745.89(a)(1) prior to performance of the renovation, in violation of 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(a);

b. Failing to ensure all renovations performed by the firm are performed in accordance with the work practice standards in 40 C.F.R. § 745.85 by failing to, prior to beginning renovation, close windows and doors in the work area, as required by 40 C.F.R. § 745.85(a)(2)(i)(C), on February 29, March 3, March 7, March 8, and March 9, 2016, in violation of 40 C.F.R. § 745.89(d)(3);

c. Failing to ensure all renovations performed by the firm are performed in accordance with the work practice standards in 40 C.F.R. § 745.85 by failing to contain waste from renovations activities to prevent the releases of dust and debris before waste is removed from the work area for storage or disposal, as required by 40 C.F.R. § 745.85(a)(4)(i), on February 29, March 3, March 5, March 6, March 7, March 8, March 9, and March 15, 2016, in violation of 40 C.F.R. § 745.89(d)(3);

d. Failing to ensure all renovations performed by the firm are performed in accordance with the work practice standards in 40 C.F.R. § 745.85 by failing to collect, at the conclusion of each work day, waste from renovation activities and store it under containment, in an enclosure, or

behind a barrier that prevents the release of dust and debris out of the work area and prevents access to dust and debris, as required by 40 C.F.R. § 745.85(a)(4)(ii), on March 8, 2016, in violation of 40 C.F.R. § 745.89(d)(3);

e. Failing to ensure all renovations performed by the firm are performed in accordance with the work practice standards in 40 C.F.R. § 745.85 by failing to post signs clearly defining the work area and warning occupants and other persons not involved in the renovation activities to remain outside the work area, as required by 40 C.F.R. § 745.85(a)(1), on March 15, 2016, in violation of 40 C.F.R. § 745.89(d)(3).

48. For these violations, the EPA Regional Judicial Officer entered judgment against Askins for $42,003 in administrative penalties. Askins Development has not paid this administrative penalty.

49. Askins Development did not appeal the Initial Finding and Default Order to the EPA Environmental Appeals Board ("EAB"). On November 8, 2022, the EAB issued an Order Declining to Exercise Sua Sponte Review, rendering the Initial Finding and Default Order a final order as of November 10, 2022, pursuant to 40 C.F.R. § 22.27(c).

50. True and correct copies of the September 26, 2022 Initial Decision and Default Order and of the November 8, 2022 Order Declining to Exercise Sua Sponte Review are attached to this Complaint as Attachments A and B and incorporated herein by reference.

**Attempted Inspection of 3537 California Ave.**

51. On May 19, 2021, EPA inspectors observed renovation activities at 3537 California Ave., which were being performed by Askins, Shaw and/or Askins Development.

52. Shaw owned the building and had obtained the building permit for the renovations.

53. There was no plastic sheeting or other impermeable material on the ground. Renovation debris was spread across the front lawn on the bare ground and had spilled onto the sidewalk, where a child was playing.

54. No signs were posted defining the work area and warning persons not engaged in the renovation to stay out of the work area.

55. The EPA inspectors put up caution tape around the debris.

56. A worker gave the EPA inspectors a business card bearing the logo of Askins Development. No certified renovator was identified to the EPA inspectors.

57. On May 20, 2021, EPA inspectors met Askins at the work site for an inspection and presented their credentials and a written inspection request. At that time, the caution tape had been disturbed, but the debris on the bare ground remained untouched, even as workers carried buckets of additional uncontained debris directly to an open dumpster.

58. Although Askins told the inspectors he had authority to grant permission for the inspection, he expressly declined to do so. The EPA inspectors instructed Askins on lead-safe work practices, which he said he would immediately implement.

59. On May 21, 2021, EPA inspectors returned to the site to find the same violations of lead-safe work practices as before the previous day's conversation with Askins. At that time, windows and doors remained open, visible dust clouds were observable emerging from the work area, and uncontained debris remained in the street and on the sidewalk and front lawn.

**Attempted Inspection of 3330 Illinois Ave.**

60. On March 15, 2023, EPA inspectors observed renovations being performed by Shaw and Askins at 3330 Illinois Ave.

61. The EPA inspectors observed uncontained painted renovation debris on the bare ground and in a dumpster. There was no plastic sheeting or other impermeable material on the ground.

62. Shaw owned the building and had obtained the permit for the renovations and Askins had hired workers to renovate the house.

63. The EPA inspectors presented their credentials and a written inspection request to the workers. Askins refused to allow on-site workers to permit the EPA inspection. No certified renovator was identified to the EPA inspectors.

64. Askins stated that an inspection could only occur in his presence, then refused to meet with EPA inspectors for the remainder of the week to allow the inspection.

**Attempted Inspections of 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330 Iowa Ave.**

65. On or about March 26 and March 27, 2024, EPA inspectors visited and attempted to inspect 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave, and 3330 Iowa Ave. On or about April 3, 2024, EPA inspectors again visited and attempted to inspect 3330 Iowa Ave.

66. Shaw owns the buildings and obtained building permits for work at 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330 Iowa Ave.

67. Painted demolition debris was on the bare ground at each of these properties, and painted demolition debris was in an open dumpster at 3330 Iowa Ave.

68. There was no plastic sheeting or impermeable material on the ground at any of these properties.

69. No signs were posted defining the work area and warning persons not engaged in the renovation to stay out of the work area at any of these properties.

70. On or about March 27, 2024, the EPA inspectors identified themselves and spoke to workers at 3331-3333 Nebraska Ave. and 3237 California Ave. The EPA inspectors were told to contact Askins by phone to request his consent for an inspection.

71. On or about March 27, 2024, the EPA inspectors were able to reach Askins by phone and requested his consent for an inspection of each property. Askins was not physically present in Missouri at the time. He refused to identify a time and date when he would be present and declined to authorize any inspection by EPA of any of the four properties in his absence.

## NEED FOR INJUNCTION

72. On information and belief, after a reasonable opportunity for further investigation and discovery, since 2011, Defendants have renovated at least 87 housing units in the St. Louis area that were built prior to 1978 and are therefore covered by the RRP Rule.

73. Shaw is authorized to do business in Missouri and continues to perform renovations of Target Housing in St. Louis. Shaw has taken out building permits for renovation of Target Housing in St. Louis as recently as February 14, 2024.

74. Askins Development, although currently lacking any legal existence, continues to hold itself out as a renovation firm to the public via its active website.

75. Askins continues to perform, offer, and claim to perform renovations of Target Housing in St. Louis in his own right and through companies of which he is the organizer, member, or principal. In addition, Askins acts through the defunct Askins Development.

76. On information and belief, after a reasonable opportunity for further investigation and discovery, based on St. Louis building permit records and Missouri Secretary of State records, Askins has formed more than forty separate companies in Missouri for the purpose of renovating Target Housing. None of those companies have ever obtained firm certification from EPA to perform renovations on Target Housing.

77. Askins has obscured his involvement or otherwise evaded responsibility for his companies by, among other things, naming an individual as a registered agent without that individual's knowledge or consent and listing his sister or others as the organizer of companies he actually created.

78. Despite repeated direct instruction by EPA inspectors on lead-safe work practices and other RRP requirements and an EPA administrative enforcement action, Askins and his companies, including Defendants, continue to violate the RRP Rule and TSCA.

79. Absent an order of the Court, Defendants will continue to violate TSCA and the RRP Rule.

## CLAIMS FOR RELIEF

### COUNT I – FAILURE TO OBTAIN FIRM CERTIFICATION PRIOR TO PERFORMING, CLAIMING TO PERFORM AND/OR OFFERING TO PERFORM RENOVATIONS

80. Paragraphs 1 through 79 are realleged and incorporated herein by reference.

81. None of the Defendants have ever obtained firm certification from EPA to perform renovations on Target Housing pursuant to 40 C.F.R. § 745.89(a)(1).

82. Between at least August 2015 and March 27, 2024 and, on information and belief, after a reasonable opportunity for further investigation and discovery, continuing through the present, Defendants have failed to obtain firm certification from EPA prior to performing

renovations for compensation of Target Housing in at least the following locations in St. Louis, Missouri: 3819-3821 Shaw Blvd., 3429 Missouri Ave., 3537 California Ave., 3330 Illinois Ave., 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330 Iowa Ave.

83. Defendants Askins and Askins Development continue to claim and/or offer to perform renovations in statements on the Askins Development website.

84. Each failure by Defendants to obtain EPA certification prior to performing, claiming to perform, or offering to perform renovation for compensation on Target Housing is a violation of 40 C.F.R. §§ 745.81(a)(2)(ii), 745.89(a)(1), and Section 409 of TSCA, 15 U.S.C. § 2689.

85. As provided in Section 17(a) of TSCA, 15 U.S.C. § 2616(a), these violations subject Defendants to injunctive relief.

86. Without a judicial injunction, Defendants will continue to violate TSCA and the RRP Rule.

87. Defendants' renovation activities, including their failure to obtain firm certification prior to performing, claiming to perform, or offering to perform renovation for compensation of Target Housing, threaten irreparable harm to the health and safety of people living in or near the homes where Defendants perform renovations, visitors to these homes and nearby areas, and the workers involved in these renovations.

**COUNT II – FAILURE TO ASSIGN CERTIFIED RENOVATOR TO EACH RENOVATION**

88. Paragraphs 1 through 79 are realleged and incorporated herein by reference.

89. Defendants did not assign a renovator certified pursuant to 40 C.F.R. § 745.89(d)(2) to renovations for compensation of Target Housing at 3819-3821 Shaw Blvd., St. Louis Missouri and at, on information and belief, after a reasonable opportunity for further

investigation and discovery, at least the following additional Target Housing in St. Louis, Missouri: 3429 Missouri Ave., 3537 California Ave., and 3330 Illinois Ave.

90. Each failure by Defendants to assign a certified renovator to renovations for compensation of Target Housing is a violation of 40 C.F.R. § 745.89(d)(2), and Section 409 of TSCA, 15 U.S.C. § 2689.

91. As provided in Section 17(a) of TSCA, 15 U.S.C. § 2616(a), these violations subject Defendants to injunctive relief.

92. Without a judicial injunction, Defendants will continue to violate TSCA and the RRP Rule.

93. Defendants' renovation activities, including their failure to assign a certified renovator to renovations for compensation of Target Housing, threaten irreparable harm to the health and safety of people living in or near the homes where Defendants perform renovations, visitors to these homes and nearby areas, and the workers involved in these renovations.

**COUNT III – FAILURE TO FOLLOW LEAD-SAFE WORK PRACTICES**

94. Paragraphs 1 through 79 are realleged and incorporated herein by reference.

95. Between at least August 2015 and March 15, 2023 and, on information and belief, after a reasonable opportunity for further investigation and discovery, continuing through the present, Defendants have performed renovations for compensation of Target Housing without following some or all of the lead-safe work practice requirements set forth in 40 C.F.R. § 745.85, including requirements to post signs defining the work area and warning persons not engaged in the renovation to stay out of the work area; ensure that no dust or debris leaves the work area during renovations by, e.g., closing doors and windows in interior work areas; cover the ground in exterior work areas with plastic sheeting or other impermeable materials; contain waste from

renovation work during and after the work to prevent the release of, or access to, dust and debris; collect all paint chips and debris and seal material in a heavy-duty bag; and eliminate dust, debris, or residue from exterior surfaces in and below the work area, in at least the following locations in St. Louis, Missouri: 3819-3821 Shaw Blvd., 3429 Missouri Ave., 3537 California Ave., 3330 Illinois Ave., 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330 Iowa Ave.

96. Each failure by Defendants to follow each lead-safe work practice during renovations for compensation of Target Housing is a violation of 40 C.F.R. §§ 745.85, 745.89(d)(3), and 15 U.S.C. § 2689.

97. As provided in Section 17(a) of TSCA, 15 U.S.C. § 2616(a), these violations subject Defendants to injunctive relief.

98. Without a judicial injunction, Defendants will continue to violate TSCA and the RRP Rule.

99. Defendants' renovation activities, including their failure to follow lead-safe work practices during renovations for compensation of Target Housing, threaten irreparable harm to the health and safety of people living in or near the homes where Defendants perform renovations, visitors to these homes and nearby areas, and the workers involved in these renovations.

**COUNT IV – FAILURE OR REFUSAL TO PERMIT INSPECTION**

100. Paragraphs 1 through 79 are realleged and incorporated herein by reference.

101. EPA requested reasonably limited inspections of 3537 California Ave., 3330 Illinois Ave., 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330

Iowa Ave. at reasonable times and in a reasonable manner, having supplied the necessary credentials and written request.

102. Askins, Askins Development, and/or Shaw refused to grant EPA's requests for inspection of 3537 California Ave., 3330 Illinois Ave., 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and 3330 Iowa Ave.

103. Askins', Askins Development's, and Shaw's refusal to permit EPA's inspections of 3537 California Ave., 3330 Illinois Ave., 3331-3333 Nebraska Ave., 3237 California Ave., 2827 Oregon Ave., and/or 3330 Iowa Ave. are each a violation of 40 C.F.R. § 745.87(c) and 15 U.S.C. § 2689.

104. As provided in Section 17(a) of TSCA, 15 U.S.C. § 2616(a), these violations subject Defendants to injunctive relief.

105. Without a judicial injunction, Defendants will continue to violate TSCA and the RRP Rule.

106. Defendants' renovation activities, including their failure to permit EPA inspections of renovations of Target Housing, threaten irreparable harm to the health and safety of people living in or near the homes where Defendants perform renovations, visitors to these homes and nearby areas, and the workers involved in these renovations.

## PRAYER FOR RELIEF

107. Wherefore, the United States respectfully requests that this Court:

a. Enter judgment against Defendants and in favor of the United States for the violations alleged in this Complaint;

b. Enter an order restraining Defendants from performing any renovation work on Target Housing until they can demonstrate compliance with TSCA and the RRP Rule;

c. Enter a permanent injunction compelling Defendants to comply with TSCA and the RRP Rule, and compelling them to provide actual notice of such injunction to any corporate entity they may later organize or otherwise form or of which they may become a member or principal, that is binding not only on Defendants but also on any such corporate entity;

d. Award the United States its costs of this action; and

e. Grant such other and further relief as the Court deems appropriate.

Respectfully Submitted,

**FOR THE UNITED STATES OF AMERICA:**

TODD KIM
Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
Washington, D.C. 20530

Dated: May 24, 2024

*_/s/ Eric D. Albert_*
Eric D. Albert
Senior Attorney
DC Bar No. 486253
U.S. Department of Justice
Environment and Natural Resources
Division Environmental Enforcement
Section
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-2800 (direct)
Eric.albert@usdoj.gov