**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI, EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO ASKINS, THE ASKINS DEVELOPMENT GROUP, LLC, and SHAW HOLDING GROUP LLC,<br><br>Defendants. | Case No. 4:24-cv-729-SEP<br><br>**CONSENT DECREE** |

**<u>CONSENT DECREE</u>**

**TABLE OF CONTENTS**


I. JURISDICTION AND VENUE ..... 4
II. APPLICABILITY ..... 4
III. DEFINITIONS ..... 5
IV. COMPLIANCE REQUIREMENTS ..... 7
V. REPORTING REQUIREMENTS ..... 13
VI. STIPULATED PENALTIES ..... 15
VII. FORCE MAJEURE ..... 18
VIII. DISPUTE RESOLUTION ..... 20
IX. INFORMATION COLLECTION AND RETENTION ..... 23
X. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ..... 25
XI. COSTS ..... 26
XII. NOTICES ..... 27
XIII. EFFECTIVE DATE ..... 27
XIV. RETENTION OF JURISDICTION ..... 27
XV. MODIFICATION ..... 28
XVI. TERMINATION ..... 28
XVII. PUBLIC PARTICIPATION ..... 29
XVIII. SIGNATORIES/SERVICE ..... 29
XIX. INTEGRATION ..... 30
XX. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION ..... 30
XXI. HEADINGS ..... 30
XXII. FINAL JUDGMENT ..... 30
XXIII. APPENDICES ..... 31

**CONSENT DECREE**

WHEREAS, Plaintiff United States of America ("United States"), on behalf of the United States Environmental Protection Agency ("EPA"), filed a complaint in this action on May 24, 2024, Dkt. No. 1, alleging that Defendants Orlando Askins ("Askins"), The Askins Development Group, LLC ("Askins Development"), and Shaw Holding Group LLC ("Shaw") (collectively "Defendants") violated Section 409 of the Toxic Substance Control Act ("TSCA" or the "Act"), 15 U.S.C. § 2689;

WHEREAS, Section 17(a) of TSCA, 15 U.S.C. § 2616(a) provides district courts with jurisdiction to restrain any violations of Section 409 of TSCA and to compel the taking of any action required by or under TSCA;

WHEREAS, the Complaint alleges that Defendants violated requirements set forth in the Renovation, Repair, and Painting Rule (the "RRP Rule") promulgated pursuant to TSCA and codified at 40 C.F.R. Part 745, Subpart E, including certification and training requirements and lead-safe work practice requirements, and refused to allow EPA to conduct inspections while performing Renovations at residential properties in St. Louis, Missouri;

WHEREAS, on August 16, 2024, the Court entered a Stipulated Preliminary Injunction requiring Defendants to comply with the Act and the RRP Rule, Dkt. No. 21;

WHEREAS, Defendants, through this Consent Decree, are developing and will implement procedures to help ensure compliance with the RRP Rule;

WHEREAS, Defendants do not admit any liability to the United States arising out of the transactions or occurrences alleged in the Complaint;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, with the consent of the United States and Defendants, it is HEREBY ADJUDGED, ORDERED, and DECREED as follows:

## I. **JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 17 of TSCA, 15 U.S.C. § 2616, and over the Parties. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and Defendants conduct business in, this judicial district. For purposes of this Decree, or any action to enforce this Decree, Defendants consent to the Court's jurisdiction over this Decree and any such action and over them, and consents to venue in this judicial district.

2. For the purposes of this Consent Decree, Defendants agree that the Complaint states claims upon which relief may be granted pursuant to TSCA.

## II. **APPLICABILITY**

3. The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendants, Defendant Entities, and any successors, assigns, or other entities or persons otherwise bound by law.

4. In addition to the requirements set forth below, Defendant Entities shall provide a copy of this Consent Decree to all Firms, Certified Renovators, and compliance officers of Defendant Entities, and any person performing work on behalf of Defendant Entities whose

duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work in compliance with this Consent Decree. Defendant Entities shall condition any such contract upon performance of the work in conformity with this Consent Decree.

5. In any action to enforce this Consent Decree, Defendant Entities shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III. DEFINITIONS

6. Terms used in this Consent Decree that are defined in the Act or in the RRP Rule have the meanings assigned to them in the Act or the RRP Rule, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

a. "Certified Contractor" means a Firm that has been certified in accordance with 40 C.F.R § 745.89 that enters into an agreement with any Defendant Entity to perform any portion of work that constitutes a Renovation, and whose certification is current throughout its involvement with a Renovation.

b. "Certified Firm" means a Firm that has been certified in accordance with 40 C.F.R § 745.89 and whose certification is current throughout the time of its involvement with a Renovation.

c. "Certified Renovator" means a Renovator who has been certified in accordance with 40 C.F.R. § 745.90, and whose certification is current throughout the time of its involvement with a Renovation.

d. "Certified Subcontractor" means a Firm that has been certified in accordance with 40 C.F.R § 745.89, that enters into an agreement with any Defendant Entity or Certified Contractor to perform any portion of work that constitutes a Renovation, and whose certification is current throughout its involvement with a Renovation.

e. "Child-Occupied Facility" has the same meaning as set forth in 40 C.F.R. § 745.83.

f. "Complaint" means the complaint filed by the United States in this action.

g. "Consent Decree" or "Decree" means this Decree and all Appendices attached thereto.

h. "Covered Work Site" means Target Housing or a Child-Occupied Facility.

i. "Date of Lodging" means the date this Consent Decree is filed for lodging with the Clerk of the Court for the United States District Court for the Eastern District of Missouri.

j. "Day" means mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

k. "Defendants" means Defendant Askins, Defendant Askins Development Group, and Defendant Shaw. As used in this Decree, this definition means all defendants, collectively, and each defendant, individually.

l. "Defendant Entities" means Defendants Askins Development Group and Shaw; any Firm engaged in Renovations that any Defendant currently owns, operates, manages, or controls; and any Firm engaged in Renovations that any Defendant comes to own, operate,

manage, or control during the term of this Consent Decree. "Defendant Entity" means any individual entity or combination or subset of the foregoing entities.

m. "EPA" means the United States Environmental Protection Agency and any of its successor departments or agencies.

n. "Effective Date" means the definition provided in Section XIII (Effective Date).

o. "Firm" has the same meaning as set forth in 40 C.F.R. § 745.83.

p. "Interest" means interest pursuant to 28 U.S.C. § 1961.

q. "Pamphlet has the same meaning as set forth in 40 C.F.R. § 745.83.

r. "Paragraph" means a portion of this Decree identified by an arabic numeral.

s. "Parties" means the United States and Defendants.

t. "Renovation" has the same meaning as set forth in 40 C.F.R. § 745.83.

u. "Renovator" has the same meaning as set forth in 40 C.F.R. § 745.83.

v. "Section" means a portion of this Decree identified by a roman numeral.

w. "Target Housing" has the same meaning as set forth in 40 C.F.R. § 745.103.

x. "United States" means the United States of America, acting on behalf of EPA.

## IV. COMPLIANCE REQUIREMENTS

7. The Defendant Entities shall comply with all applicable requirements of Sections 402 and 406 of TSCA, 15 U.S.C. §§ 2682 and 2686 and the implementing regulations.

8. RRP Rule Compliance. If any Defendant Entity performs, offers, or claims to perform Renovations at a Covered Work Site, it shall:

a. Obtain and maintain firm certification to perform Renovations pursuant to 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(a)(1);

b. Assign a Certified Renovator to each Renovation pursuant to 40 C.F.R. §§ 745.81(a)(3) and 745.89(d)(2);

c. Ensure that any Certified Renovator discharges all of the Certified Renovator responsibilities set forth in 40 C.F.R. § 745.90;

d. Ensure that all individuals performing Renovation activities on behalf of the Firm are either Certified Renovators or have been trained by a Certified Renovator in accordance with 40 C.F.R. § 745.90 as required by 40 C.F.R. § 745.89(d)(1);

e. Comply with the information distribution requirements in 40 C.F.R. § 745.84;

f. Perform all Renovations in accordance with the lead-safe work practice standards at 40 C.F.R. § 745.85, including, but not limited to, the following:

i. Posting warning signs pursuant to 40 C.F.R. § 745.85(a)(1);

ii. Containing the work area by closing windows and doors pursuant to 40 C.F.R. § 745.85(a)(2)(i)(C);

iii. Covering the floor surface pursuant to 40 C.F.R. § 745.85(a)(2)(i)(D);

iv. Containing waste from the renovation pursuant to 40 C.F.R. § 745.85(a)(4)(i); and

v. Performing post-renovation clean up pursuant to 40 C.F.R. § 745.85(a)(5).

g. Maintain and produce records pursuant to 40 C.F.R. § 745.86.

9. Designation of a compliance officer. Within 60 Days of the Effective Date, Defendants shall designate a compliance officer as a single point of contact to monitor the compliance of each Defendant Entity, including that of their Certified Contractors and Certified Subcontractors, with RRP Rule requirements and the requirements of this Consent Decree, and to be the liaison with EPA for purposes of implementing this Consent Decree. The compliance officer must be individually certified as a Renovator pursuant to 40 C.F.R. § 745.90(a).

a. Defendants may change the compliance officer provided notice is given to the EPA in accordance with Section XII (Notices) below. No Renovation work shall be performed at any Covered Work Site unless a compliance officer has been designated and is available to EPA at any time a Renovation is taking place. This requirement operates in addition to, not in lieu of, the requirements of 40 C.F.R. § 745.90(b).

b. Defendants shall notify EPA of the full name, address, cellphone number, and email address for the compliance officer designated pursuant to this Paragraph in accordance with Section XII (Notices).

10. Contractors and Subcontractors. When a Defendant Entity undertakes Renovations at any Covered Work Site, it shall hire only Certified Contractors and Certified Subcontractors for those Renovations. The Defendant Entity shall memorialize the hiring of a Certified Contractor and Certified Subcontractor in written contracts, copies of which shall be provided in the semi-annual reports required by this Decree. When Certified Contractors and Certified Subcontractors are used for Renovations at any Covered Work Site, the Defendant Entity shall:

a. Require the Certified Contractors and/or Certified Subcontractors to use and fully complete the most current Renovation Recordkeeping Checklist available at:

https://www.epa.gov/lead/sample-renovation-recordkeeping-checklist. Defendant Entities are responsible for ensuring the completion of the Renovation Recordkeeping Checklist by their retained Certified Contractors and/or Certified Subcontractors for each Renovation at a Covered Work Site; and

b. Suspend any Certified Contractor or Certified Subcontractor found to be in violation of the RRP Rule and ensure they cease their work as soon as is feasible, but not later than 5 Days after receiving credible notice of the violations. Defendant Entities shall notify EPA in writing within 7 Days of each suspension.

11. The Defendant Entity undertaking the Renovation shall be responsible for any violations of the RRP Rule or this Consent Decree during any Renovation at Covered Work Sites undertaken by any Certified Contractor or Certified Subcontractor they retained.

12. Notifications to EPA Prior to Renovations at Covered Work Sites. At least 14 days prior to commencing Renovations at a Covered Work Site, the compliance officer shall send EPA a fully completed Notice of Renovation, using the form attached as Appendix A to this Decree, in accordance with Section XII (Notices).

13. If a Renovation related change/modification (e.g., change of Certified Renovator, scope of work, dates of work) becomes necessary, the compliance officer must either update the original Notice of Renovation to EPA for that Covered Work Site or send EPA a new Notice of Renovation within 14 days of the change/modification.

14. Each Notice of Renovation shall include the following certification and be signed by the compliance officer designated under this Decree:

> I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system,

> or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

15. Post-Renovation Dust Clearance Testing. Within 14 days of the conclusion of a Renovation at a Covered Work Site, the Defendant Entity must perform dust clearance testing. The dust clearance samples must be collected by a dust sampling technician certified pursuant to 40 C.F.R. § 745.90, or a certified inspector or risk assessor certified pursuant to 40 C.F.R. § 745.226. If any dust clearance sample result is above the clearance standards in 40 C.F.R. § 745.227(e)(8) or any applicable State, Tribal, or local standards, the Defendant Entity must re-clean the work area and re-sample until the standards in 40 C.F.R. § 745.227(e)(8) or any applicable State, Tribal, or local standards are met.

16. Recordkeeping Requirements. The Defendant Entity shall document its compliance with the RRP Rule and this Decree as follows:

a. Renovation Recordkeeping Checklist. When any Defendant Entity conducts any Renovations at a Covered Work Site, including through the use of Certified Contractors and Certified Subcontractors, it shall use and fully complete the most current Renovation Recordkeeping Checklist available at: https://www.epa.gov/lead/sample-renovation-recordkeeping-checklist

b. Receipt of Pamphlet. To document the receipt of the lead hazard information pamphlet by the building owner and occupant of any unit being renovated, the Defendant Entity shall use and fully complete the most current Pre-Renovation Form

Confirmation of Receipt of Lead Pamphlet available at: https://www.epa.gov/lead/sample-pre-renovation-form-confirmation-receipt-lead-pamphlet

c. Lead Testing. If a Defendant Entity performs lead testing using a Certified Renovator, it shall use and fully complete the most current Test Kit Documentation Form available at: https://www.epa.gov/lead/test-kit-documentation-sample-form

d. Exceptions Under 40 C.F.R. § 745.82(a). If a Defendant Entity claims a Renovation at a Covered Work Site falls within the exceptions set forth in 40 C.F.R. § 745.82(a)(1)-(3), it must maintain all records supporting such a determination, as set forth in 40 C.F.R. § 745.86(b)(1).

e. If a Defendant Entity makes an exception determination pursuant to 40 C.F.R. § 745.82(a)(2), the retained records must also include: (1) a map of the Covered Work Site indicating where testing was done; (2) the completed Test Kit Documentation Form; and (3) color photographs of each completed test kit, labelled to indicate the location in the Covered Work Site where the test kit was used.

17. The Defendant Entity must maintain all records required by the foregoing Paragraph for a period of 3 years after the termination of this Consent Decree. This requirement operates in addition to, not in lieu of, the requirements of 40 C.F.R. § 745.86.

18. EPA Inspections. Any Defendant Entity shall authorize and instruct each of their employees, Certified Contractors, Certified Subcontractors, or persons otherwise conducting Renovation activities on its behalf to allow credentialed EPA inspectors to inspect any Renovation undertaken or being undertaken by any Defendant Entity, or for which any Defendant Entity has obtained a building permit, upon the presentation of the inspectors' EPA credentials and a written notice. Each inspection shall be commenced and completed with

reasonable promptness and shall be conducted at reasonable times, within reasonable limits, and in a reasonable manner.

## V. REPORTING REQUIREMENTS

19. Semi-Annual Reporting. The Defendant Entities shall submit to EPA a consolidated semi-annual report using the form attached as Appendix B to this Consent Decree by no later than July 31 of each year (covering the period from January 1 to June 30) and January 31 (covering the period from July 1 to December 31). The first semi-annual report shall be due on the first reporting date (July 31 or January 31) after the Effective Date, unless the Effective Date falls 60 days or less after the first reporting date, in which case the first semi-annual report shall be due on the next reporting due date.

20. The semi-annual report shall include the following:

a. A fully completed semi-annual report form (Appendix B) for each Renovation undertaken by each Defendant Entity during the semi-annual reporting period; and

b. Copies of all documents requested in the semi-annual report form (Appendix B) for each Renovation undertaken by each Defendant Entity during the semi-annual reporting period.

21. The report shall also include a description of any non-compliance with the requirements of this Consent Decree and an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to prevent or minimize such violation. If any Defendant Entity violates, or has reason to believe that it may violate, any requirement of this Consent Decree, it shall notify DOJ and EPA of such violation and its likely duration, in writing, within 10 business days of the Day the Defendant Entity first becomes aware of the violation, with an explanation of the violation's likely cause and of the remedial steps taken, or to be taken, to

prevent or minimize such violation. If the cause of a violation cannot be fully explained at the time the report is due, the Defendant Entity shall so state in the report. The Defendant Entity shall investigate the cause of the violation and shall then submit an amendment to the report, including a full explanation of the cause of the violation, within 30 Days of the Day the Defendant Entity becomes aware of the cause of the violation. Nothing in this Paragraph or the following Paragraph relieves Defendant of its obligation to provide the notice required by Section VII (Force Majeure).

22. Each report submitted by the Defendant Entities under this Section shall be signed by the compliance officer and include the following certification:

> I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

23. This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

24. <u>Notification Requirements</u>. Whenever any violation of this Consent Decree or any other event affecting a Defendant Entity's performance under this Decree may pose an immediate threat to the public health or welfare or the environment, the Defendant Entity shall notify EPA by telephone at (913) 551-7355 or by e-mail at mance.cassandra@epa.gov as soon as possible, but no later than 24 hours after the Defendant Entity first knew of the violation or event. This procedure is in addition to the requirements set forth in the preceding Paragraph.

25. As set forth above in Paragraph 21, a Defendant Entity must notify EPA of any violation or possible violation within 10 business days.

26. The reporting and notification requirements of this Consent Decree do not relieve Defendant Entities of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

27. Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI. STIPULATED PENALTIES

28. The Defendant Entity shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

29. The following stipulated penalties shall accrue per violation per Day for each violation of a requirement set forth in Paragraphs 7-15 of Section IV (Compliance Requirements):

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $1,000 | 1st through 30th Day |
| $2,000 | 31st through 60th Day |
| $3,000 | 61st Day and beyond |

30. The following stipulated penalties shall accrue per violation per Day for each violation of a requirement set forth in Paragraph 16 of Section IV, failure to timely submit any

report required by Section V (Reporting Requirements), or for submitting any reports that do not substantially conform to the applicable requirements:

| Penalty Per Violation Per Day | Period of Noncompliance |
| --- | --- |
| $250 | 1st through 30th Day |
| $500 | 31st through 60th Day |
| $1,000 | 61st Day and beyond |

31. Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

32. The Defendant Entity shall pay any stipulated penalty within 30 Days of receiving the United States' written demand.

33. The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

34. Stipulated penalties shall continue to accrue as provided in Paragraph 31, during any Dispute Resolution, but need not be paid until the following:

a. If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, the Defendant Entity shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

b. If the dispute is appealed to the Court and the United States prevails in whole or in part, the Defendant Entity shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

c. If any Party appeals the District Court's decision, the Defendant Entity shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

35. The Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Eastern District of Missouri shall provide to any Defendant or Defendant Entity subject to Stipulated Penalties instructions for making this payment, including a Consolidated Debt Collection System ("CDCS") reference number. Defendant or Defendant Entity shall make such payment at https://www.pay.gov in accordance with the FLU's instructions, including references to the CDCS Number. Defendant Entity shall send notices of this payment in accordance with Section XII (Notices), including references to the CDCS Number and DJ Number 90-5-1-1-12914.

36. If the Defendant or Defendant Entity fails to pay stipulated penalties according to the terms of this Consent Decree, it shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for the Defendant Entity's failure to pay any stipulated penalties.

37. The payment of penalties and interest, if any, shall not alter in any way the Defendant Entity's obligation to complete the performance of the requirements of this Consent Decree.

38. Non-Exclusivity of Remedy. Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree. Subject to the provisions of Section X (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for the Defendant Entity's violation of this Decree or

applicable law, including but not limited to an action against the Defendant Entity for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt. However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## VII. FORCE MAJEURE

39. "Force majeure," for purposes of this Consent Decree, means any event arising from causes beyond the control of the Defendant Entity, of any entity controlled by the Defendant Entity, or of the Defendant Entity's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite the Defendant Entity's best efforts to fulfill the obligation. Given the need to protect public health and welfare and the environment, the requirement that the Defendant Entity exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure, such that any delay or non-performance is, and any adverse effects of the delay or non-performance are, minimized to the greatest extent possible. "Force majeure" does not include financial inability to perform any obligation under this Consent Decree.

40. If any event occurs for which the Defendant Entity will or may claim a force majeure, the Defendant Entity shall provide notice to Cassandra Mance by telephone at (913) 551-7355 or by email at mance.cassandra@epa.gov. The deadline for the initial notice is three days after the Defendant Entity first knew or should have known that the event would likely delay or prevent performance. The Defendant Entity shall be deemed to know of any

circumstance of which any Certified Contractor of, Certified Subcontractor of, or entity controlled by the Defendant Entity knew or should have known.

41. Regardless of whether the Defendant Entity seeks to assert a claim of force majeure concerning the event, within 7 Days after the notice under Paragraph 40, the Defendant Entity shall submit a further notice to EPA that includes (a) an explanation and description of the event and its effect on the Defendant Entity's completion of the requirements of the Consent Decree; (b) a description and schedule of all actions taken or to be taken to prevent or minimize the delay and/or other adverse effects of the event; (c) if applicable, the proposed extension of time for Defendant to complete the requirements of the Consent Decree; (d) the Defendant Entity's rationale for attributing such delay to a force majeure (if it intends to assert such a claim); (e) a statement as to whether, in the opinion of the Defendant Entity, such event may cause or contribute to an endangerment to public health or welfare or the environment; and (f) all available proof supporting the claim that the delay was attributable to a force majeure.

42. Failure to submit a timely or complete notice or claim under Paragraph 40 or 41 regarding an event precludes the Defendant Entity from asserting any claim of force majeure regarding that event, provided, however, that EPA may, in its unreviewable discretion, excuse such failure if it is able to assess to its satisfaction whether the event is a force majeure, and whether the Defendant Entity has exercised its best efforts, under Paragraph 39.

43. After receipt of any claim of force majeure, EPA will notify the Defendant Entity of its determination whether the Defendant Entity is entitled to relief under Paragraph 39, and, if so, the excuse of, or the extension of time for, performance of the obligations affected by the force majeure. An excuse of, or extension of the time for performance of, the obligations affected

by the force majeure does not, of itself, excuse or extend the time for performance of any other obligation.

44. If the Defendant Entity elects to invoke the dispute resolution procedures set forth in Section VIII (Dispute Resolution), it shall do so no later than 15 Days after receipt of EPA's notice. In any such proceeding, the Defendant Entity has the burden of proving that it is entitled to relief under Paragraph 39, that its proposed excuse or extension was or will be warranted under the circumstances, and that it complied with the requirements of Paragraphs 39- 41. If the Defendant Entity carries this burden, the delay or non-performance at issue shall be deemed not to be a violation by the Defendant Entity of the affected obligation of this Consent Decree identified to EPA and the Court.

## VIII. DISPUTE RESOLUTION

45. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. The Defendant Entity's failure to seek resolution of a dispute under this Section concerning an issue of which it had notice and an opportunity to dispute under this Section prior to an action by the United States to enforce any obligation of the Defendant Entity arising under this Decree precludes the Defendant Entity from raising any such issue as a defense to any such enforcement action.

46. Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when the Defendant Entity sends DOJ and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is

modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within 10 Days after the conclusion of the informal negotiation period, the Defendant Entity invokes formal dispute resolution procedures as set forth below.

47. Formal Dispute Resolution. The Defendant Entity shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending DOJ and EPA a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting the Defendant Entity's position, and any supporting documentation relied upon by the Defendant Entity.

48. The United States will send the Defendant Entity its Statement of Position within 45 Days of receipt of the Defendant Entity's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position is binding on the Defendant Entity, unless the Defendant Entity files a motion for judicial review of the dispute in accordance with the following Paragraph.

49. Judicial Dispute Resolution. The Defendant Entity may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute. The motion (a) must be filed within 10 Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph; (b) may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 46, unless the Plaintiffs raise a new issue of law or fact in the Statement of Position; (c) shall contain a written statement of the

Defendant Entity's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

50. The United States shall respond to the Defendant Entity's motion within the time period allowed by the Local Rules of this Court. The Defendant Entity may file a reply memorandum, to the extent permitted by the Local Rules.

51. Standard of Review

a. Disputes Concerning Matters Accorded Record Review. Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 47 pertaining to the adequacy or appropriateness of plans, procedures to implement plans, schedules or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, the Defendant Entity shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

b. Other Disputes. Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 47, the Defendant Entity shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

52. The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of the Defendant Entity under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties

with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 34. If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VI (Stipulated Penalties).

## IX. INFORMATION COLLECTION AND RETENTION

53. The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Covered Work Site covered by this Consent Decree, at all reasonable times, upon presentation of credentials, to:

a. monitor the progress of activities required under this Consent Decree;

b. verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c. obtain samples and, upon request, splits of any samples taken by Defendant Entity or its representatives, contractors, or consultants;

d. obtain documentary evidence, including photographs and similar data; and

e. assess the Defendant Entity's compliance with this Consent Decree.

54. Upon request, the Defendant Entity shall provide EPA or its authorized representatives splits of any samples taken by the Defendant Entity. Upon request, EPA shall provide the Defendant Entity splits of any samples taken by EPA.

55. Until 3 years after the termination of this Consent Decree, the Defendant Entity shall retain, and shall instruct its contractors and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in its or its contractors' or agents' possession or control, or that come into its or its contractors' or agents' possession or control, and that relate in any manner to the Defendant

Entity's performance of its obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures. At any time during this information-retention period, upon request by the United States, the Defendant Entity shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

56. At the conclusion of the information-retention period provided in the preceding Paragraph, the Defendant Entity shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, the Defendant Entity shall deliver any such documents, records, or other information to EPA. The Defendant Entity may assert that certain documents, records, or other information is privileged under the attorney-client privilege or any other privilege recognized by federal law. If the Defendant Entity asserts such a privilege, it shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Defendant Entity. However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

57. The Defendant Entity may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2. As to any information that the Defendant Entity seeks to protect as CBI, the Defendant Entity shall follow the procedures set forth in 40 C.F.R. Part 2.

58. This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of the Defendant Entity to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## X. EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

59. This Consent Decree resolves only the civil claims of the United States for the violations alleged in the Complaint filed in this action through the Date of Lodging.

60. The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 59. The United States further reserves all legal and equitable remedies to address any conditions if there is or may be an imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, a Defendant Entity's Covered Work Site, whether related to the violations addressed in this Consent Decree or otherwise.

61. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, or other appropriate relief relating to the Defendant Entity's violations, the Defendant Entity shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the

instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 59.

62. This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. The Defendant Entity is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Defendant Entity's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that the Defendant Entity's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 15 U.S.C. §§ 2601 *et seq*., or with any other provisions of federal, State, or local laws, regulations, or permits.

63. This Consent Decree does not limit or affect the rights of the Defendant Entity or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against the Defendant Entity, except as otherwise provided by law.

64. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

## XI. COSTS

65. The Parties, including any Defendant Entity, shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant Entity.

## XII. NOTICES

66. Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made exclusively electronically and sent to the following email addresses:

| | |
|---|---|
| As to the DOJ by email: | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-5-1-1-12914<br><br>zachary.moor@usdoj.gov |
| As to EPA Region 7 by email: | mance.cassandra@epa.gov |
| As to Defendant Entities: | orlandoflips@gmail.com |

67. Any Party may, by written notice to the other Parties, change its designated notice recipient provided above.

68. Notices submitted pursuant to this Section shall be deemed submitted upon transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XIII. EFFECTIVE DATE

69. The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIV. RETENTION OF JURISDICTION

70. The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders

modifying this Decree, pursuant to Sections VIII (Dispute Resolution) and XV (Modification), or effectuating or enforcing compliance with the terms of this Decree.

## XV. MODIFICATION

71. The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

72. Any disputes concerning modification of this Decree shall be resolved pursuant to Section VIII (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 51, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

73. If any of the hyperlinks contained in this Consent Decree become broken or change during the life of this Consent Decree, Defendant Entities shall consult with EPA regarding the proper form to use.

## XVI. TERMINATION

74. After the Defendant Entities have completed the requirements of Section IV (Compliance Requirements) and have thereafter maintained continuous satisfactory compliance with this Consent Decree for a period of 3 years, and have paid any accrued stipulated penalties as required by this Consent Decree, the Defendant Entities may serve upon the United States a Request for Termination, stating that the Defendant Entities have satisfied those requirements, together with all necessary supporting documentation.

75. Following receipt by the United States of the Request for Termination from the Defendant Entities, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether the Defendant Entities have satisfactorily complied with the requirements for termination of this Consent Decree. This consultation shall happen within 90 days of receipt of the Request for Termination. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

76. If the United States does not agree that the Decree may be terminated, the Defendant Entities may invoke Dispute Resolution under Section VIII (Dispute Resolution). However, the Defendant Entities shall not seek Dispute Resolution of any dispute regarding termination until 90 Days after service of its Request for Termination.

## XVII. PUBLIC PARTICIPATION

77. This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. The Defendant Entities consent to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified the Defendant Entities in writing that it no longer supports entry of the Decree.

## XVIII. SIGNATORIES/SERVICE

78. Orlando Askins, on behalf of Defendant Entities, and the Acting Assistant Attorney General, Environment and Natural Resources Division of the Department of Justice, certifies that that person is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party that person represents to this document.

## XIX. INTEGRATION

79. This Consent Decree, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the subject matter of the Decree herein.

## XX. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

80. For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), performance of [To be inserted upon reaching agreement on injunctive terms] is restitution, remediation, or required to come into compliance with law.

## XXI. HEADINGS

81. Headings to the Sections and Subsections of this Consent Decree are provided for convenience and do not affect the meaning or interpretation of the provisions of this Consent Decree.

## XXII. FINAL JUDGMENT

82. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

## XXIII. APPENDICES

83. The following Appendices are attached to and part of this Consent Decree:

"Appendix A" is the Notice of Renovation Form; and

"Appendix B" is the Consolidated Semi-Annual Report Form.

Dated and entered this 29 day of May, 2026.

Sarah E. Pitlyk

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

*Signature Page for Askins Consent Decree - Case No. 4:24-cv-729-SEP (1)*

**DATE** September 8, 2025

**FOR THE UNITED STATES:**

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

ZACHARY MOOR Digitally signed by ZACHARY MOOR Date: 2025.09.08 10:20:04 -04'00'

ZACHARY N. MOOR
Senior Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Enforcement Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-4185
E-mail: zachary.moor@usdoj.gov
Bar No: 681469 (MA)

*Signature Page for Askins Consent Decree - Case No. 4:24-cv-729-SEP (2)*

**DATE** 21-May-2025

**FOR DEFENDANT ENTITIES**

**KAZANAS LC**

By: ______________________

DAN J. KAZANAS, #31056MO
734 Westport Plaza, Suite 264
Saint Louis, Missouri 63146
(314) 499-8174 (Phone)
(314) 499-8173 (Facsimile)
dan.kazanas@global-lawfirm.com

ATTORNEYS FOR DEFENDANTS

Appendix A

# NOTICE OF RENOVATION

THE PURPOSE OF THIS FORM IS TO NOTIFY THE U.S. ENVIRONMENTAL PROTECTION AGENCY OF RENOVATION WORK REGULATED BY THE LEAD RENOVATION, REPAIR, AND PAINTING RULE ("RRP RULE"), 40 C.F.R. § 745.80, et seq., OR ANY APPLICABLE U.S. EPA-AUTHORIZED PROGRAM REGULATING LEAD-BASED PAINT SAFE WORK PRACTICES.

## Renovation Project Information:

Covered Work Site Address:______________________________________________________

City State Zip Code

Owner Name:______________________________________________________________

Owner Phone Number and/or E-mail:________________________________________________

Areas to be Renovated (e.g. apartment number(s), common area(s), exterior):________________________

____________________________________________________________________________

Brief description of Renovation Project (include painted surfaces disturbed and estimated size):

| |
|---|
| |

Will the Covered Work Site be occupied during the Renovation? Yes ☐ No ☐

Do children reside at or frequent the Covered Work Site when occupied? Yes ☐ No ☐

If Yes, age of any and all such children:________________________________________________

Year the Covered Work Site was built:_________________________________________________

Scheduled, planned, and/or anticipated dates of Renovation work:________________________________

☐ Copy of any permit related to the Renovation is attached to this Notification.

**Defendant Entity(ies) conducting the Renovation:**

________________________________________
Firm Name

________________________________________
Firm Address

________________________________________
Firm Phone Number | Firm E-mail Address

________________________________________
Firm Certification Number | Date Firm Certification Issued

☐ Copy of Defendant Entity(ies) RRP firm certificate is attached to this Notification.

**Certified Renovator assigned to the Renovation:**

________________________________________
Renovator Name | Renovator Address

________________________________________
Renovator Phone Number | Renovator E-mail Address

☐ Copy of assigned Renovator's course completion certificate is attached to this Notification.

I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

________________________________________
Signature of Compliance Officer | Date

APPENDIX B

# SEMI-ANNUAL REPORT

THE PURPOSE OF THIS FORM IS TO COMPLY WITH THE REPORTING REQUIREMENTS LISTED IN SECTION V OF THE CONSENT DECREE.

| Reporting Requirement | Response | |
|---|---|---|
| During the applicable semi-annual reporting period (the last 6 months), have Defendants Orlando Askins, The Askins Development Group, LLC, Shaw Holding Group, LLC, or any Firm that any Defendant owns, operates, manages or controls, come to own operate, manage, or control any new Firm engaged in Renovation activities? | Yes | No |
| If yes, list the name(s) and address(es) of the new Firm(s). | | |
| State whether each new Firm is an EPA-certified RRP firm? | Yes | No |
| If yes, attach to this report the RRP firm certifications for the new Firm. | | |

**For <u>each</u> Renovation completed by Defendant Entities in the preceding 6-month period, complete Attachment 1.**

I certify under penalty of perjury that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering the information, the information submitted is, to the best of my knowledge and belief, true, accurate, and complete. I have no personal knowledge that the information submitted is other than true, accurate, and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

__________________________________________________

Signature of Compliance Officer Date

APPENDIX B

**SEMI-ANNUAL REPORT**
**ATTACHMENT 1**

Complete this form for each Renovation at a Covered Work Site completed within the preceding 6-month period (January 1 to June 30 or July 1 to December 31).

| Reporting Requirement | Response |
|---|---|
| Covered Work Site address, including city, state, and zip code. | |
| Actual start date of Renovation work. | |
| Actual end date of Renovation work. | |
| Description of actual Renovation work completed, including areas renovated. | |
| Name of all Firms, including any Certified Contractor and/or Certified Subcontractor, that worked on the Renovation. | |
| Attach to this report the RRP firm certificate for each Firm, including any Certified Contractor and/or Certified Subcontractor, that performed any work related to the Renovation. | |
| Attach to this report all contracts between any Defendant Entity and any Certified Contractor and/or Certified Subcontractor hired to perform any work related to the Renovation. | |
| Description of any suspensions of Certified Contractors and/or Certified Subcontractors, including dates and reason of suspensions. | |
| | |

APPENDIX B

| Reporting Requirement | Response | |
|---|---|---|
| Date EPA was notified in writing of Certified Contractor and/or Certified Subcontractor suspensions. | | |
| Description of any complaints regarding the Renovation received from any source. | | |
| Was any correspondence received from local or state agencies regarding lead-based paint at the Covered Work Site? | Yes | No |
| If yes, attach to this report all lead-based paint related correspondence received from local or state agencies for this Covered Work Site. | | |
| Descriptions of any violations of any requirement of the Consent Decree or the RRP Rule, including an explanation of the cause of the violations and the remedial steps taken, or to be taken, to minimize the effects of such violation and to prevent further violation. | | |

APPENDIX B

Attach all the following records for the Renovation completed at the Covered Work Site identified on page 1 of Attachment 1 of this form:

| Check if attached | Recordkeeping Requirement | If not attached, provide an explanation of why the requirement does not apply to the Renovation |
|---|---|---|
| | Records or reports certifying that a determination had been made that lead-based paint was not present on the components affected by the renovation, as described in 40 C.F.R. § 745.82(a).<br><br>If a determination is made under 40 C.F.R. § 745.82(a)(1), these records or reports include:<br><br>• Reports prepared by a certified inspector or certified risk assessor.<br><br>If a determination is made under 40 C.F.R. § 745.82(a)(2), these records or reports include:<br><br>• A map of the Covered Work Site indicating where the testing was done.<br>• Test Kit Documentation Form prepared by a certified renovator.<br>• color photographs of each completed test kit, labelled to indicate the location in the Covered Work Site where the test kit was used.<br><br>If a determination is made under 40 C.F.R. § 745.82(a)(3), these records or reports include:<br><br>• Records prepared by a certified renovator after collecting paint chip samples, including a description of the components that were tested including their locations, the name and address of the NLLAP-recognized entity performing the analysis, and the results for each sample. | |
| | Records demonstrating compliance with the information distribution requirements in 40 C.F.R. § 745.84. These records include:<br><br>• Signed and dated Pre-Renovation Form Confirmation of Receipt of Lead Pamphlet.<br>• Certifications of attempted delivery of pamphlet.<br>• Certificates of mailing.<br>• Renovation Notice Form for renovations performed in common areas of Covered Work Sites. | |

APPENDIX B

| Check if attached | Recordkeeping Requirement | If not attached, provide an explanation of why the requirement does not apply to the Renovation |
|---|---|---|
| | Records demonstrating compliance with the work practice standards for renovation activities in 40 C.F.R. § 745.85(a), including the records set forth in 40 C.F.R. § 745.86(b)(6). These records include but are not limited to:<br><br>• Signed and dated Renovation Recordkeeping Checklist. | |
| | Records demonstrating compliance with the dust clearance testing requirements in 40 C.F.R. § 745.85(c). These records include:<br><br>• A copy of the inspector, risk assessor, or dust sampling technician's course completion certificate.<br>• The results of the dust clearance testing.<br>• The laboratory's dust sample analysis report. | |